UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROHIT K. (A-220-359-218),

Petitioner,

v.

KRISTI NOEM, et al.,

Respondents.

Case No.  1:26-cv-0232 TLN CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Rohit K. (A-220-359-218), a noncitizen, filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").[1]  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention exceeds statutory authority and violates his due process rights under the Fifth Amendment.  (Id. (claims one and two).)  For the following reasons, this Court recommends that the petition be granted.

I.     FACTUAL BACKGROUND

Rohit K. is a citizen of India who entered the United States without inspection on or around November 22, 2021.  (ECF No. 1 at 3, 6.)  Upon his entry, petitioner claimed a fear to return to India due to political persecution, he was detained by ICE, and then released.  (ECF No.

---

[1]  Petitioner is proceeding through counsel.  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

2 at 2, 5.) Petitioner has a pending asylum claim. (Id. at 2.)

In January 2025, petitioner was arrested for DUI. (ECF No. 14 at 6.) On June 14, 2025, petitioner was re-detained by the Department of Homeland Security ("DHS").[2] (ECF No. 1-2 at 5; ECF No. 2 at 2.) DHS issued petitioner a Notice to Appear charging him with being an "alien present in the United States who has not been admitted or paroled," and then released him from detention. (ECF No. 1-2 at 1.) The Notice to Appear does not allege petitioner is an "arriving alien," though the Notice does include a place to designate this information. (Id.)

On January 5, 2026, an immigration judge denied petitioner's request for a custody redetermination under 8 C.F.R. § 1236 claiming lack of jurisdiction. (ECF No. 14 at 9 (citing Matter of YAJURE HURTADO, 29 I&N Dec. 216 (BIA 2025)).)[3] Petitioner waived appeal. (Id. at 10.)

## II.    PROCEDURAL BACKGROUND

On January 12, 2026, petitioner filed his petition for writ of habeas corpus and a motion for temporary restraining order. (ECF Nos. 1, 2.) On January 13, 2026, the district court granted the motion for temporary restraining order, ordered petitioner's immediate release, and ordered respondents to show cause why the district court should not grant a preliminary injunction. (ECF No. 4.) On January 17, 2026, respondents timely filed a return to the habeas petition and an opposition to the motion for injunctive relief. (ECF No. 8.) Petitioner did not file a reply. On January 27, 2026, the district court extended the temporary restraining order until the court issued

---

[2] The petition alleges that petitioner was re-detained on June 14, 2025, which is further supported by a June 14, 2025 Notice of Custody Determination indicating that petitioner was detained on this date and a June 14, 2025 Notice to Appear. (ECF No. 1 at 3, 6; ECF No. 1-2.) The June 14, 2025 re-detention date is also the date provided in petitioner's motion for a temporary restraining order. (ECF No. 2 at 2.) Therefore, the Court concludes that the petition's secondary reference to a September 14, 2025 re-detention date, is a typographical error. (See ECF No. 1 at 6.)

[3] According to the immigration judge's order, petitioner was convicted of DUI. (ECF No. 14 at 9.) Respondents do not argue that an arrest or conviction for DUI subjects petitioner to mandatory detention. (ECF No. 14.) Even assuming petitioner was convicted of DUI, petitioner would also not be subject to mandatory detention under 8 U.S.C. § 1226(c) because "misdemeanor DUI offenses generally do not trigger mandatory detention under that provision." Solis-Becerril v. Noem, 2025 WL 3228312, at *2 (S.D. Cal. Nov. 19, 2025); see also Llanes Tellez v. Bondi, 2025 WL 3677937, at *2 (N.D. Cal. Dec. 18, 2025) (noting that driving under the influence is not included in the list of offenses that mandate detention under § 1226(c)).

2

an order regarding the preliminary injunction.  (ECF No. 9.)  On February 12, 2026, the district court issued a preliminary injunction.  (ECF No 10.)  On February 12, 2026, this Court issued an order requiring respondents to file a status report to confirm petitioner's release, and granted the parties 30 days to advise if additional briefing was needed to decide the habeas petition on the merits.  (ECF No. 11.)  On February 12, 2026, respondents filed a status report confirming petitioner's release from detention.  (ECF No. 12.)  Neither party submitted additional briefing at that time.  (See Docket.)

On April 13, 2026, the undersigned issued an order noting that respondents' January 17, 2026 filing (ECF No. 8) is for a different petitioner named "Sawan K," though also a noncitizen from India.  (ECF No. 13.)  Respondents were provided a final opportunity to correct the earlier filing error by filing an amended/corrected answer to the petition by 5:00 p.m. on April 15, 2026, and petitioner's reply/traverse, if any, was due within 7 days after the filing of respondents' answer.  (Id.)  On April 15, 2026, respondents timely filed an amended return to habeas petition and opposition to motions for injunctive relief.  (ECF No. 14.)  Petitioner did not file a reply. (See Docket.)  Briefing is now complete.

### III.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

///

**IV.     DISCUSSION**

On January 12, 2026, petitioner filed, through counsel, his verified habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On January 13, 2026, the district court found that petitioner was likely to succeed on the merits of his due process claim because he has a clear interest in his continued freedom, having been released from custody in 2021, and built a life and established a community in California for over three years.  (ECF No. 4 at 3 (citing Doe v. Becerra, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025); Rico-Tapia v. Smith, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025)).)  Further, the district court found that all of the Mathews factors demonstrated petitioner was entitled to due process -- a hearing to determine whether his detention was warranted.  (ECF No. 4 at 3-5 (applying Mathews v. Eldridge, 424 U.S. 319, 335 (1976), and citing Manzanarez v. Bondi, 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (substantial private interest in remaining free from detention); R.D.T.M. v. Wofford, 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025) (risk of erroneous deprivation considerable); Garcia v. Andrews, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025) (government's interest low where effort and cost to provide procedural safeguards are minimal).)  The district court found that petitioner established he would suffer irreparable harm in the absence of injunctive relief because he is separated from his community, unable to work, support himself, or meaningfully participate in the preparation of his asylum claim.  (ECF No. 4 at 5.)  Finally, the district court found that the balance of equities and the public interest weighed in petitioner's favor.  (Id. at 5-6.)  The district court granted petitioner's motion for temporary restraining order, ordered petitioner's immediate release, enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral fact-finder where:  (a) respondents show there are material changed circumstances which demonstrate that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or (b) respondents demonstrate by clear and convincing evidence that petitioner poses a danger to the community or a flight risk, and at any such hearing, petitioner shall be allowed to have his counsel present.  (ECF No. 4 at 6.)  On January 17, 2026, respondents filed a return to the petition and opposition to the motion for

4

injunctive relief.  (ECF No. 8.[4])  Petitioner did not file a reply.  (See Docket.)  On January 27, 2026, the district court found good cause to extend the temporary restraining order to maintain the status quo while the district court considered preliminary injunctive relief.  (ECF No. 9.)

On February 12, 2026, the district court incorporated its reasoning from its order granting the temporary restraining order finding that petitioner sufficiently established each of the Winter elements.  (ECF No. 10 at 1 (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).)  The district court found no evidence that petitioner is a member of the group subject to mandatory detention under 8 U.S.C. § 1225(b), confirmed that petitioner has a protected liberty interest, and granted the preliminary injunction.  (Id. at 2.)  The district court enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, including seven-days' notice and a predeprivation/custody hearing before a neutral decisionmaker, where respondents shall bear the burden of proving by clear and convincing evidence that:  (a) there are material changed circumstances which demonstrate that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future, or (b) petitioner poses a danger to the community or a flight risk, and petitioner shall be allowed to have his counsel present at the hearing.  (ECF No. 10 at 2-3.)  The district court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

On February 12, 2026, this Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition.  (ECF No. 11.)  Though respondents were provided with the opportunity to correct their earlier filing error and to correct the district court's reference to the government's response in the order on the preliminary injunction,[5] respondents did not submit any additional briefing and neither did petitioner.

Though the district court's preliminary injunction order does have an error based on respondents' initial error, the order makes clear that it was also granted for the reasons provided

---

[4]  As noted above, respondents' filing, however, appears to be for a different petitioner named "Sawan K," though also a noncitizen from India.  (See ECF No. 8.)

[5]  The district court's order on the preliminary injunction referred to the government's response filed at ECF No. 8 and argument that petitioner is an "applicant for admission."  (ECF No. 10 at 1-2.)  The order did not, however, indicate that the government's response appears to have been for the wrong petitioner.

in the district court's order on the motion for a temporary restraining order, which did not rely upon any facts or argument presented by respondents where the order was issued on January 13, 2026 before respondents filed their brief on January 17, 2026 at ECF No. 8.  (See ECF No. 4; ECF No. 10 at 2; Docket (showing government response filed on January 17, 2026 at ECF No. 8).)  The Court also notes that the government has regularly argued in countless similar immigration habeas cases that a noncitizen is lawfully detained as an "applicant for admission."

The Court provided respondents with the opportunity to submit a corrected response. (ECF No. 13.)  Subsequently, respondents provided an amended return in which they do not argue that petitioner is a flight risk or a danger to the community and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and he is ineligible for a bond hearing.  (ECF No. 14 at 2.)  Respondents also argue that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress.  (Id.)

Following review of the entire record, including respondents' amended return, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (second claim).  See Doe, 787 F. Supp. 3d at 1093; Mathews, 424 U.S. at 335; Manzanarez, 2025 WL 3247258, at *4; R.D.T.M., 2025 WL 2617255, at *4; Garcia, 2025 WL 1927596, at *5.  As the district court explained, petitioner has established a protected liberty interest under the Fifth Amendment Due Process Clause.  (ECF No. 4 at 3-5.) Applying the three factors set forth in Mathews, petitioner was entitled to a hearing under the Fifth Amendment Due Process Clause, which he did not receive.  Id.; Mathews, 424 U.S. at 335. Because the resolution of the second claim provides the relief requested, the Court need not reach the first claim.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally

6

justified.  Petitioner shall be allowed to have his counsel present at any such hearing.

V.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED.

2.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Rohit K. (A-220-359-218) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 23, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/rohi0232.157.2241.imm.post.fb

7